IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No. 6:14-cr-00400-JDA-4 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Terrance Edward Stewart | ) | |
| | ) | |
| Movant. | ) | |

Before the Court is Defendant Terrance Edward Stewart's pro se motion to reconsider his sentence.  [Doc. 721.]  The Court denies Stewart's motion.

Imposition of a sentence constitutes a final judgment.  18 U.S.C. § 3582(b).  A district court is authorized to modify or reduce a sentence after imposition only in extremely narrow circumstances:

> (1) upon a motion by the Director of the Bureau of Prisons ("BOP") or a defendant if "extraordinary and compelling reasons warrant such a reduction"; (2) to correct a sentence if expressly permitted by statute or pursuant to Rule 35 of the Federal Rules of Criminal Procedure; or (3) upon motion by the defendant, the Director of the BOP, or the court, if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 38 U.S.C. [§] 994(o)."

*United States v. Rhett*, No. 2:21-cr-0004-DCN-1, 2022 WL 2106547, at *1 (D.S.C. June 10, 2022) (quoting 18 U.S.C. § 3582(c)(1)–(2)).

None of these narrow circumstances apply here.  In support of his motion, Stewart simply asks the Court for mercy in light of the fact that he has already served many

months in prison and he desires to return to his family.[*]  [Doc. 721.]  The Court therefore denies Stewart's motion to reconsider his sentence.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

June 16, 2026
Greenville, South Carolina

---

[*] To the extent Stewart seeks to have the Court award him credit toward his federal sentence for time he has served in state custody [*see* Docs. 717; 729], "[i]ssues regarding sentencing credit for time served are within the jurisdiction of the Bureau of Prisons [("BOP")], and review of such decisions should be filed pursuant to 28 U.S.C. § 2241 . . . in the district having jurisdiction over the place where the prisoner is incarcerated," *United States v. Fischer*, No. 96-7077, 1996 WL 659431 (4th Cir. Nov. 14, 1996).  Accordingly, if Stewart seeks such credit, he should exhaust his administrative remedies with the BOP and then file a § 2241 petition in the District of New Jersey, where he is confined.  *See United States v. Noel*, No. 6:01-cr-00907, 2008 WL 3166015 (D.S.C. Aug. 4, 2008).